IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KOW-CHING CHANG                                                                 PLAINTIFF

v.                                                              CIVIL NO.: 1:25-cv-0017-MPM-RP

MISSISSIPPI STATE UNIVERSITY                                                    DEFENDANT

**ORDER**

This cause comes before the court on the motion of defendant Mississippi State University (MSU) to dismiss the claims against it, pursuant to Fed. R. Civ. P. 12.  The *pro se* plaintiff Kow-Ching Chang has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is an age and national origin discrimination action, filed pursuant to the Age Discrimination in Employment Act ("ADEA") and Title VII.  Chang, a 72-year-old Taiwanese-American male, is employed by MSU as a tenured Professor within the MSU Coastal Research and Extension Center's Experimental Seafood Processing Laboratory. [Compl. at p. 6.] Although he remains employed by MSU today, Chang filed this lawsuit based primarily upon a decision to remove him as Director of the Experimental Seafood Processing Laboratory and to otherwise restrict his supervisory activities.  MSU contends that its decision to remove plaintiff from this position resulted from the fact that "a number of people under Chang's supervision have made serious complaints about Chang regarding alleged aggressive and, at times, abusive tendencies."  [Brief at 1-2].  While plaintiff appears to acknowledge that such complaints were, in fact, made against him, he insists in his complaint that "all behavioral allegations were not

1

factual and [were] only compiled after I submitted the internal discrimination claims."
[Complaint at 11].

It seems clear from the parties' briefing that serious disagreement exists among them regarding the facts underlying this case, and, in such cases, this court's strong preference is to consider those facts in the context of a Rule 56 motion for summary judgment, rather than a Rule 12 motion to dismiss. This inclination is particularly strong in cases filed by *pro se* plaintiffs, since the complaints in such cases frequently reflect the lack of legal expertise of the drafting plaintiff. This appears to be the case here as well, but, at the same time, Chang has taken care to assert a lengthy description of the facts in his complaint. Chang thus appears to be making good faith efforts to prosecute this action, and the Federal Rules of Civil Procedure grant this court wide discretion to permit the filing of amended complaints, if such proves necessary. *See* Fed. R, Civ. P. 15. That being the case, this court would regard it as improper to prejudge this case at this juncture, but it nevertheless agrees with MSU that it has certain legal defenses in this action which entitle it to dismissal of at least some of the claims asserted against it now.

First and foremost, this court agrees with MSU that it is entitled to dismissal of the ADEA claims against it, since such claims are barred by the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State." U.S. Const. Amend. XI. This immunity encompasses "suits by citizens against their own states" and extends to a state agency, department, or entity deemed an arm or alter ego of the state. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 532 U.S. 356, 363 (2001); *Perez v. Region 20*

2

*Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001).

It is well settled that MSU is an arm of the State of Mississippi, and, as such, the Fifth Circuit has held that it is fully entitled to assert Eleventh Amendment immunity. *Jagandan v. Giles*, 538 F.2d 1166, 1173-78 (5th Cir. 1976). Moreover, the U.S. Supreme Court made it clear in *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) that Congress did not abrogate Eleventh Amendment immunity by enacting the ADEA. Finally, the Fifth Circuit has specifically found that the State of Mississippi has not waived its Eleventh Amendment immunity with respect to the ADEA. *McGarry v. Univ. of Miss. Medical Center*, 355 Fed. App'x 853, 856 (5th Cir. 2009), citing Miss.Code. Ann. § 11–46–5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts...."). Considered together, this precedent makes it clear that plaintiff's ADEA claims in this case are barred by Eleventh Amendment immunity.

In light of the foregoing authority, this court concludes that MSU's motion to dismiss the ADEA claim against it is well taken, and plaintiff offers no serious arguments suggesting otherwise. To the contrary, plaintiff merely offers his own (erroneous) understanding that Eleventh Amendment immunity is inapplicable in this case since, he contends, MSU "has purposely violated the federal laws." [Brief at 2]. Plaintiff cites no authority in support of this understanding, and nothing in *Kimel* suggests that the Supreme Court intended to except cases of intentional age discrimination from its holding. To the contrary, this court notes that intentional discrimination is very much the norm in successful ADEA claims, and yet plaintiff offers no authority suggesting that such discrimination is sufficient to bypass the holding in *Kimel*. Plaintiff's ADEA claim will therefore be dismissed.

That leaves plaintiff's Title VII claim against MSU, and, importantly, the U.S. Supreme Court has held that Title VII does, in fact, serve to bypass Eleventh Amendment immunity. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). In light of this fact, this court concludes that, with one exception discussed below, it should wait until the summary judgment stage to consider any defenses which MSU might have to those claims. In so stating, this court notes that MSU seeks dismissal of most, but apparently not all, of plaintiff's allegations under Title VII, based upon his alleged failure to exhaust administrative remedies and/or for his failure to comply with Title VII's 180-day statute of limitations. [Brief at 6-8]. While it seems likely to this court that many of MSU's arguments in this regard will prove to have merit, this is the sort of issue which it prefers to address at the summary judgment stage, rather than at the Rule 12 stage. In so stating, this court notes that issues such as these frequently require a consideration of the underlying facts of the case, and it further notes that defendant appears to concede that its arguments in this context, even if successful, would not entitle it to complete dismissal from this action.

In its brief, defendant argues that "[t]he only claims that can even arguably avoid immediate dismissal are Chang's Title VII claims based upon alleged actions that took place after December 9, 2022," [brief at 2] and this court agrees that, at a minimum, such claims would survive a Rule 12 motion to dismiss. In light of this fact, as well as its normal inclination in Title VII cases, this court concludes that the better approach is to consider all of defendant's arguments relating to plaintiff's Title VII claim at the summary judgment stage, with one notable exception. This exception relates to defendant's argument that plaintiff's claims for punitive damages are barred by federal law, which this court finds to be meritorious. Indeed, the Fifth Circuit made it clear in *Oden v. Oktibbeha Cnty., Miss.,* 246 F.3d 458, 465–66 (5th Cir. 2001)

that 42 U.S.C. § 1981a prohibits punitive damages against government entities, and, in his briefing, plaintiff offers no authorities suggesting otherwise.

In light of the foregoing, this court concludes that MSU's motion to dismiss should be granted with regard to the ADEA claim and the Title VII punitive damages claim against it. This court declines to rule upon defendant's remaining dismissal arguments at this juncture, which it will consider in the context of a summary judgment motion following discovery. This court notes that plaintiff has filed a motion for an expedited trial setting, but he offers insufficient basis for treating this case differently than any other civil case before it. That motion will therefore be denied, and defendant's motion to dismiss plaintiff's sur-rebuttal brief will be dismissed as moot.

This, the 10th day of June, 2025.

  /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI