IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KOW-CHING CHANG** **PLAINTIFF**
Also known as Sam

**V.** **CIVIL ACTION NO. 1:25-CV-17-MPM-RP**

**MISSISSIPPI STATE UNIVERSITY** **DEFENDANT**

## ORDER

This matter is before the court on the plaintiff's Motion for Court Order Designating a Deposition Officer and Permitting Non-Stenographic Recording. ECF 69. The court finds the motion is not well-taken and should be denied without the necessity of awaiting a response from the defendant.

In his motion, the pro se plaintiff Kow-Ching Chang states that he has been unable to secure a court certified court reporter for depositions he wishes to take in this case. According to the plaintiff, all of the court reporters he has contacted have been unwilling to work with him because he is proceeding pro se. As such, he requests that the court appoint a qualified notary public or other authorized person as the deposition officer for the plaintiff's depositions pursuant to Federal Rule of Civil Procedure 28(a)(1)(B), under which a deposition may be taken by "a person appointed by the court where the action is pending to administer oaths and take testimony." Also, citing Rule 30(b)(3), the plaintiff requests permission to record the depositions by video or other non-stenographic means if a stenographic reporter is unavailable and to obtain a certified transcript. However, the plaintiff misconstrues these rules.

Rule 28, entitled "Person Before Whom Depositions May Be Taken," outlines who is *allowed* to take depositions; it does not impose a duty on the court to find such a person and order him or her to take deposition testimony. *Badaiki v. Cameron International Corporation*, No. 4:19-cv-371, 2020

WL 8990869, at *1 (S.D. Tex. Nov. 20, 2020) (denying plaintiff's motion to appoint person to administer deposition oaths and take deposition testimony at government's expense); *Jones v. Johnson*, No. 09-3666, 2010 WL 3923163, at *3 n.1 (E.D. La. Sep. 27, 2010) (finding no authority that would support request for appointment of court reporter to take depositions). It is the plaintiff's responsibility – not the court's -- to arrange for a court reporter for the plaintiff's depositions. *See McNight v. Madison Parish School Board*, No. 07-0030, 2009 WL 210501, at *1 (W.D. La. Jan. 28, 2009) ("If plaintiff wishes to take a deposition(s), she must properly notice it and arrange for a court reporter, at her expense.") (citing FED. R. CIV. P. 30).

What the plaintiff essentially requests is that the court either (1) find and appoint a willing court reporter to administer the plaintiff's depositions or (2) find, appoint, and order an unwilling court reporter to administer the plaintiff's depositions. The court will decline to do so, even though the plaintiff states he will bear the expense of the depositions. Although the court is sympathetic to the plaintiff's purported difficulty in arranging a court reporter, the court will not set a precedent by undertaking that responsibility for the plaintiff. Even if it were willing to do so, the court does not maintain a list of court reporters or other qualified persons for purposes of taking deposition testimony.

As to the plaintiff's request to use alternative means to record depositions and to obtain a certified transcript, these requests are moot. Rule 30(b)(3) provides that upon proper notice, deposition testimony may be recorded by audio, audiovisual, or stenographic means and that any party may arrange to transcribe the deposition.

For these reasons, the plaintiff's Motion for Court Order Designating a Deposition Officer and Permitting Non-Stenographic Recording [ECF 69] is DENIED.

**SO ORDERED**, this the 11th day of December 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE